UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. CORTEZ, et al.,<br><br>　　　　Defendants. | No. 22-cv-01897-EFB (PC)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff filed his first amended complaint (FAC) on March 6, 2023. ECF No. 14. The court screened the FAC and found that plaintiff's allegations that defendants subjected him to repeated x-rays and searches without justification stated potentially cognizable claims under the Fourth and Eighth Amendments. ECF No. 18. The court dismissed plaintiff's First Amendment, equal protection, and due process claims with leave to amend. *Id.* Plaintiff did not file a subsequent amended complaint, and those claims therefore remain dismissed. Now before the court is defendants'[1] motion to partially dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. For the reasons that follow, the undersigned recommends that the court grant in part and deny in part defendants' motion.[2]

---

[1] The motion to dismiss was filed by defendants Crow and Cortez, and subsequently joined by defendant Kibler. ECF No. 23. Counsel for defendants uses both "Crow" and "Crowe"; this court will use "Crow."

[2] Defendants filed an answer to plaintiff's initial complaint (ECF No. 17) but have filed

1

## I. Background

At the time of the incidents in the FAC, plaintiff was incarcerated at High Desert State Prison. ECF No. 14 at 2. Plaintiff alleges that on February 9, 2020, he was removed from a visit with his fiancée by defendants Cortez and Crow, who stated that they believed plaintiff was attempting to smuggle drugs into the institution. *Id.* at 3-4. Defendants then submitted plaintiff to two x-rays; after plaintiff stated that his family had "radiology problems", defendants ran plaintiff through the x-ray machine additional times. *Id.*

Defendants accused plaintiff of swallowing drugs, and then strip-searched him and forced him to put on a "potty-watch jump suit." *Id.* Defendant Crow told plaintiff he had seen him swallowing drugs on a camera. *Id.* at 5. Plaintiff was handcuffed and shackled and taken to a hospital for 24 hours, where he produced several bowel movements that did not contain any contraband. *Id.* at 7-8.

Plaintiff alleges that after he was returned to prison, defendants Kibler and Crow continued to subject him to x-rays. *Id.* at 8. Plaintiff's cell was "trashed", and his property was searched. *Id.* at 9-10. Plaintiff was labeled a "snitch" by other inmates, based on his unexplained absence from his cell, and he was subject to a knife attack. *Id.* at 10, 12. Plaintiff's fiancée subsequently broke off their engagement, based on trauma caused by the drug-smuggling investigation. *Id.* at 12. Based on these alleged actions, plaintiff brought various claims for relief (*id.* at 16); his claims under the Fourth and Eighth Amendment remain. ECF No. 18.

## II. Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability

---

this motion to dismiss in lieu of an answer to plaintiff's FAC.

2

requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. Analysis

#### A. Eleventh Amendment Immunity

Plaintiff's FAC seeks damages against defendants in both their individual and official capacities. ECF No. 14 at 2-3. Defendants seek dismissal of plaintiff's claims for damages against them in their official capacity as barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars section 1983 suits against a state unless the state has waived its sovereign immunity. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989). A suit against a state official in his or her official capacity is treated as a suit against the state and is barred by the Eleventh Amendment. *Id.* at 71. However, suits against state officials in their official capacities seeking injunctive relief are not treated as against the state and thus are not barred. *Id.* at 71 n. 10.

On the other hand, "[c]learly, under § 1983, a plaintiff may sue a state officer in his individual capacity for alleged wrongs committed by the officer in his official capacity." *Price v. Akaka*, 928 F.2d 824, 828-29 (9th Cir. 1990). Thus, to determine whether a section 1983 suit for

3

damages against a state official is barred by the Eleventh Amendment, a court must determine whether the plaintiff has sued the official in his or her official capacity. In making that determination, the court looks to the basis of the claims asserted and the nature of the relief sought, and not just the label applied by plaintiff. *Id.*; *see also Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F3d 1278, 1284 (9th Cir. 1994). A plaintiff's claim for damages against a defendant indicates that the defendant has been sued in his or her individual capacity.

Here, plaintiff indicated in his FAC that he intended to sue defendants in both their individual and official capacities. Because the state has not consented to the suit, plaintiff's claims against defendants in their official capacities seeking money damages are barred by the Eleventh Amendment and must be dismissed. Plaintiff's claims seeking money damages against defendants in their individual capacities remain to be adjudicated. Plaintiff's request for injunctive relief against defendants in their individual and official capacities is addressed *infra*.

### B. Claims for Injunctive and Declaratory Relief

As noted, plaintiff brings claims against defendants for injunctive and declaratory relief. ECF 14 at 16-17. According to defendants, because plaintiff has been transferred from High Creek State Prison,[3] his claims for declaratory and injunctive relief against defendants should be dismissed as moot. *See Darring v. Kincheloe*, 783 F.2d 874, 866 (9th Cir. 1986) (finding inmate's claim for injunctive relief moot where he was transferred to another prison without either a "reasonable expectation" or "demonstrated probability" that he would return to the initial prison that was the subject of his complaint); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding claims for injunctive relief moot after transfer); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (finding claims for declaratory relief moot after transfer).

Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of being transferred back. *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Here, plaintiff's transfer

---

[3] Plaintiff has been transferred to the California Substance Abuse Treatment Facility. ECF No. 14 at 1.

renders his claims for declaratory and injunctive relief against officials at High Desert State Prison moot as there is no indication that plaintiff will be transferred back there.

In his opposition to defendants' motion, plaintiff argues that because he has a lengthy sentence, there is a "high probability" that he will cross paths with defendants again. ECF No. 24 at 2. This conclusory allegation, however, does not amount to a "reasonable expectation" or a "demonstrated probability" that plaintiff would either be transferred back to High Desert State Prison, or that defendants might someday work at an institution where plaintiff is housed. *Darring*, 783 F.2d at 866. Thus, plaintiff's claims for declaratory and injunctive relief against defendants are moot and must be dismissed.

### C. Plaintiff's Additional Request for Declaratory Relief

In addition to his claims against defendants for declaratory and injunctive relief, plaintiff brings a general request for "an order granting declaratory relief as may be appropriate." ECF No. 14 at 16. Defendants maintain that this request should be dismissed because even if plaintiff prevailed, the verdict would be a finding of a violation of plaintiff's constitutional rights, making declaratory relief unnecessary.

Declaratory relief is a remedy, not an independent cause of action. *See, e.g., Morongo Band of Mission Indians v. California State Board of Equalization*, 849 F.2d 1197, 1201 (9th Cir 1988). At this juncture of the lawsuit, it is premature for the court to decide that declaratory relief of any kind would not be, under any circumstances, an appropriate remedy. Thus, defendants' motion to dismiss plaintiff's general request for declaratory relief is denied.

### IV.    Order and Recommendation

It is hereby ORDERED that the Clerk of Court randomly assign a district judge to this action.

It is RECOMMENDED that defendants' motion to dismiss be GRANTED WITH PREJUDICE in part and DENIED in part as follows:

1. Plaintiff's claims for damages against defendants in their official capacities be dismissed as barred by the Eleventh Amendment;
2. Plaintiff's claims for injunctive and declaratory relief against defendants be

5

dismissed because they are moot due to plaintiff's transfer to another institution;

3.  Plaintiff's general request for "declaratory relief as may be appropriate" be allowed to stand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 20, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE