1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR., | No. 22-cv-01897 WBS-EFB (PR) |
| Plaintiff, | |
| v. | ORDER |
| C. CORTEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 21, 2023, the magistrate judge filed findings and recommendations herein which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 27.  Plaintiff did not file objections within the required time period, and on January 17, 2024, this court filed an order adopting in full the findings and recommendations of the magistrate judge granting in part defendants' motion to dismiss.  ECF No. 28.  That order was served on all parties.

Plaintiff subsequently filed late objections to the findings and recommendations.  ECF No. 30.  Before the court could address this filing, plaintiff also filed a notice of appeal with the Ninth Circuit.  ECF No. 32.  The appeal was dismissed for lack of jurisdiction and the mandate was

1

1 issued on March 25, 2024.  ECF No. 37.  Defendants subsequently filed an answer to plaintiff's

2 complaint.  ECF No. 39.

3       Plaintiff has now filed a motion for reconsideration.  ECF No. 40.  Even though plaintiff's

4 original objections to the findings and recommendations were filed after the due date, the court

5 will now consider plaintiff's motion, and construe it as a motion to reconsider the court's order

6 adopting in full the findings and recommendations of the magistrate judge granting in part

7 defendants' motion to dismiss.  ECF No. 28.

8       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

9 district court.  Rule 60(b) permits a district court to relieve a party from final order or judgment

10 for:

11    (1) mistake, inadvertence, surprise, or excusable neglect;

12    (2) newly discovered evidence that with reasonable diligence, could not have been
13        discovered in time to move for a new trial under Rule 59(b);

14    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
       misconduct by an opposing party;

15    (4) the judgment is void;

16    (5) the judgment has been satisfied, released or discharged; it is based on an earlier
       judgment that has been reversed or vacated; or applying it prospectively is no
17        longer equitable; or

18    (6) any other reason that justifies relief.

19 Fed. R. Civ. P. 60(b).

20       Plaintiff here appears to be alleging that the court should reconsider the order on the

21 ground of mistake.  Specifically, plaintiff alleges that he has been transferred back to High Desert

22 State Prison.  ECF Nos. 30, 40.  The magistrate judge found that plaintiff's claims for declaratory

23 and injunctive relief were moot because plaintiff had been transferred from High Creek State

24 Prison and was unable to demonstrate that it was likely that he would be transferred back to that

25 location.  *See, e.g.*, *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (finding inmate's

26 claim for injunctive relief moot where he was transferred to another prison without either a

27 "reasonable expectation" or "demonstrated probability" that he would return to the initial prison

28 that was the subject of the complaint); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir.

1995) (finding claims for injunctive relief moot after transfer); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (finding claims for declaratory relief moot after transfer).  While plaintiff may have been at High Desert State Prison at the time he filed his pleadings, he is now incarcerated at California State Prison, Sacramento, according to CDCR's California Incarcerated Records and Information Search (CIRIS).  As a result, plaintiff has not demonstrated that he is entitled to relief from the court's order adopting in full the findings and recommendations of the magistrate judge granting in part defendants' motion to dismiss.  ECF No. 28.

In addition, even though they were not timely filed, the court will address plaintiff's original objections.  ECF No. 30.  The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (ECF No. 40) be, and the same hereby is, DENIED.

Dated:  October 1, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE