UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR., <br><br> Plaintiff, <br><br> v. <br><br> CORTEZ, et al., <br><br> Defendants. | No. 2:22-cv-01897-WBS-EFB (PC) <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to file a second amended complaint. ECF Nos. 45, 46 (proposed second amended complaint). Defendants do not oppose amendment, waive their right to reply to the second amended complaint, and request that the court screen the second amended complaint and revise the schedule. ECF No. 46.

Federal Rule of Civil Procedure 15(a)(1) provides that the court should freely grant leave to amend a pleading when justice so requires. Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." A motion for leave to amend filed after the date provided in the court's scheduling order is considered under Rule 16(b)(4)'s standard. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

1

Plaintiff states that he wishes to amend the complaint to "focus[] only on cognizable Eighth And 14th Amendment claims against defendants Kiebler, Crow, and Cortez in their individual capacities" because plaintiff has "determined" that defendants are immune from claims for damages in their official capacities and that his claims for injunctive and declaratory relief are moot. ECF No. 45. There is no need to amend the complaint further to accomplish these goals. The court, in partially granting defendants' motion to dismiss, already dismissed plaintiff's claims for declarative and injunctive relief as moot and plaintiff's claims for damages against defendants in their official capacities. ECF No. 28.

Because the proposed amendments to the operative complaint are unnecessary, plaintiff has not shown good cause to further amend the complaint.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to further amend the complaint (ECF No. 45) is DENIED and the proposed amended complaint at ECF No. 46 shall be disregarded;

2. The discovery schedule (ECF No. 43) is AMENDED as follows:

   a. The parties may conduct discovery until November 21, 2025. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than September 26, 2025.

   b. Dispositive motions shall be filed on or before February 27, 2026.

   c. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court.

   d. The court will schedule pretrial proceedings, if necessary, upon the resolution

of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: August 7, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE